UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MAURICE CARROLL,<br><br>              Plaintiff,<br>v.<br><br>NORTH LAS VEGAS POLICE DEPT.,<br><br>              Defendant. | Case No. 2:14-cv-00263-JCM-PAL<br><br>REPORT OF FINDINGS AND RECOMMENDATION |

This matter is before the court on Plaintiff Maurice Carroll's failure to respond to the court's Order to Show Cause (Dkt. #6), failure to comply with the court's Order (Dkt. #4) directing Carroll to file a completed application to proceed in forma pauperis, and failure to comply with Local Special Rule 2-2.

Carroll is a prisoner proceeding in this civil rights action pro se. On April 24, 2014, Carroll filed an Application to Proceed In Forma Pauperis (Dkt. #3). In an Order (Dkt. #4) entered July 23, 2014, the court denied that Application as incomplete and directed Carroll to file a completed application by August 22, 2014. The Clerk of Court mailed the Order to Carroll, but on July 28, 2014, the mail was returned to the Clerk as undeliverable, with a note that Carroll was not at High Desert State Prison, and the mail could not be forwarded. *See* Mail Returned Undeliverable (Dkt. #5).

On August 20, 2014, the court entered an Order to Show Cause (Dkt. #6). The Order to Show Cause advised Carroll that LSR 2-2 requires a plaintiff to immediately file with the court written notice of any change of address. The Order to Show Cause also advised Carroll that failure to comply with LSR could result in dismissal of this action with prejudice. Carroll was ordered to show cause in writing why this case should not be dismissed for failure to comply with LSR 2-2 and failure to otherwise prosecute this case. The Clerk of Court mailed the Order

to Show Cause to Carroll, but on August 28, 2014, the mail was returned to the Clerk as undeliverable, with a note that Carroll was no longer at High Desert State Prison, and the mail could not be forwarded. *See* Mail Returned Undeliverable (Dkt. #7).

Carroll did not respond to the Order to Show Cause or request an extension of time to do so. Additionally, Carroll has not complied with LSR 2-2 and updated his address with the court. Carroll has also failed to comply with the court's Order (Dkt. #4) directing him to file a completed application to proceed in forma pauperis. Finally, Carroll has not taken any steps to prosecute this action since April 24, 2014. Carroll's failure to comply with the court's Orders and Order to Show Cause, failure to comply with the Local Rules of Practice, and failure to prosecute this case have interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Carroll has refused to comply with multiple court Orders and the Local Rules of Practice and has failed to otherwise prosecute this case.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall file Plaintiff's complaint, which was docketed as Receipt of Initiating Documents (Dkt. #1).

**IT IS RECOMMENDED** that the Complaint be DISMISSED.

Dated this 4th day of September, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice IB 3-2(a), any party wishing to

2

object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.