UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAURICE CARROLL,<br><br>Plaintiff(s),<br><br>v.<br><br>NORTH LAS VEGAS POLICE DEPT.,<br><br>Defendant(s). | Case No. 2:14-CV-263 JCM (PAL)<br><br>ORDER |

Presently before the court is Magistrate Judge Leen's report and recommendation. (Doc. # 8). Plaintiff did not file any objections and the deadline to do so passed on September 22, 2014.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district

**James C. Mahan**
**U.S. District Judge**

1  courts are not required to review "any issue that is not the subject of an objection."). Thus, if
2  there is no objection to a magistrate judge's recommendation, then this court may accept the
3  recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting,
4  without review, a magistrate judge's recommendation to which no objection was filed).

5        Nevertheless, this court finds it appropriate to engage in a de novo review to determine
6  whether to adopt the recommendation of the magistrate judge. Plaintiff Carroll is a prisoner
7  proceeding in this civil rights action *pro se*. On April 24, 2014, plaintiff filed an application to
8  proceed *in forma pauperis*. (Doc. # 3). The court denied that application on July 23, 2014 as
9  incomplete and directed plaintiff to refile a completed application by August 22, 2014. (*See* doc.
10 # 4). The clerk of court mailed the court's July 23, 2014 order to plaintiff, but the mail was
11 returned on July 28, 2014 as undeliverable with a note that plaintiff was not at High Desert State
12 Prison, and the mail could not be forwarded. (*See* doc. # 5).

13       On August 20, 2014, the court entered an order to show cause advising plaintiff that
14 Local Rule 2-2 requires a plaintiff to immediately file with the court written notice of any change
15 of address. The order to show cause also advised plaintiff that failure to comply with local rules
16 could result in the dismissal of this action with prejudice. The court ordered plaintiff to show
17 cause in writing why this case should not be dismissed for failure to comply with Local Rule 2-2
18 and failure to otherwise prosecute the case. The clerk of court mailed the order to show cause to
19 plaintiff's listed address, but on August 28, 2014, the mail was returned as undeliverable with the
20 same note that plaintiff was no longer at High Desert State Prison, and the mail could not be
21 forwarded. (*See* doc. # 7).

22       Plaintiff did not respond to the order to show cause or request an extension of time to do
23 so. Additionally, plaintiff has not complied with Local Rule 2-2 and updated his address with
24 the court. Plaintiff has also failed to comply with the court's order (doc. # 4) directing him to
25 file a completed application to proceed *in forma pauperis*. Finally, plaintiff has not taken any
26 steps to prosecute this action since April 24, 2014.

27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiff's failure to comply with the court's orders, failure to comply with the local rules of practice, and failure to prosecute this case have interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because plaintiff has refused to comply with multiple court orders and the local rules of practice and has failed to otherwise prosecute this case.

Upon reviewing the recommendation and underlying briefs, and in light of plaintiff's failure to object, this court finds good cause appears to ADOPT the magistrate's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's report and recommendation (doc. # 8) be, and the same hereby, is ADOPTED.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 9) be DISMISSED with prejudice.

DATED December 12, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**